UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nita L. Stoops,

                Plaintiff,                **MEMORANDUM OPINION
                                                                       AND ORDER**
vs.                                                                         Civil No. 08-221 ADM/SRN

Michael J. Astrue,
Commissioner of Social Security,

                Defendant.

_____

Fay E. Fishman, Esq., Peterson & Fishman, P.L.L.P., Minneapolis, MN, on behalf of the Plaintiff.

Lonnie F. Bryan, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of the Defendant.

_____

## I.  INTRODUCTION

Defendant Social Security Commissioner Michael J. Astrue ("Defendant") denied Plaintiff Nita L. Stoops' ("Plaintiff") application for social security benefits based on disability. This matter is before the undersigned United States District Court Judge for a ruling on Plaintiff's Objections [Docket No. 20] and Defendant's Objections [Docket No. 22] to Magistrate Judge Susan R. Nelson's Report and Recommendation ("R&R") [Docket No. 19], which recommends that Plaintiff's Motion for Summary Judgment [Docket No. 8] be granted as to remand and Defendant's Motion for Summary Judgment [Docket No. 15] be denied.  For the reasons stated below, the Court adopts the R&R.  The procedural and factual background described in the R&R are incorporated by reference.

## II.  DISCUSSION

**A.     Standard of Review**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

A reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000).  The reviewing court must consider both evidence that supports the Commissioner's decision and evidence that detracts from it, and the reviewing court must uphold the Commissioner's decision if it is supported by substantial evidence, even when substantial evidence exists in the record that would have supported a contrary decision or when the reviewing court would have reached a different conclusion. Holley, 253 F.3d at 1091.

**B.     Plaintiff's Objections**

Judge Nelson found that substantial evidence supported the Administrative Law Judge's ("ALJ") determination that Plaintiff's subjective complaints of headache pain and side effects of medication were not entirely credible.  She found, however, that the ALJ erred in calculating Plaintiff's residual functional capacity ("RFC") and recommended remand to allow the ALJ to properly determine the Plaintiff's RFC.

Plaintiff contends that remand is not appropriate because there is a lack of substantial evidence to support the denial of disability insurance benefits.  Plaintiff, instead, seeks an order directing payment of the benefits.  In support of this contention, Plaintiff argues that the ALJ did not accurately describe the medical records and the testimony of Plaintiff or her husband.  Specifically, Plaintiff maintains that the ALJ, and Judge Nelson by incorporating those findings in the R&R, incorrectly conflated testimony about her headaches with her husband's testimony that the couple went out to dinner on nights she experienced shoulder pain.

Plaintiff misconstrues Judge Nelson's report.  Judge Nelson found that if the frequency and severity of Plaintiff's headaches were as often as she claimed, "she would not have been able to eat at restaurants three or four times a week."  R&R at 16.  Whether Plaintiff was experiencing headache pain or shoulder pain on the nights at issue is irrelevant.  The point is that if Plaintiff's headaches were as severe and frequent as she claims, requiring her to "grab[] an ice pack, go[] into the bedroom and isolate[] herself," she would be unable to go out to dinner three or four nights a week.  Admin. Record at 67.  The ALJ's determination that her subjective complaints were not entirely credible was supported by substantial evidence.

Plaintiff next argues that Judge Nelson relied on an incorrect interpretation of the medical records because one of her treating physicians, Dr. Howard Johnson, noted that she had headaches occasionally, but neither Judge Nelson nor the ALJ mentioned that "occasional" was defined as up to 25% of the time.  Judge Nelson took note of the inconsistencies in the medical records, and the R&R contains a lengthy discussion of those inconsistencies.  See R&R at 15-16.  Ultimately, Judge Nelson found that Plaintiff's case "presents a circumstance in which it is possible to draw two inconsistent positions from the medical evidence, but one of the positions is

3

that of the Commissioner, and that position must therefore be upheld." Id. at 15; see also Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). There is nothing in the R&R that shows that Judge Nelson adopted an unfairly restrictive understanding of Dr. Johnson's use of the term "occasional," and even if she did, this definition would only further support that the medical evidence leads to two possible conclusions, both of which are reasonable. Because one of these conditions supports the Commissioner's position, Judge Nelson was correct in upholding the ALJ's determination that Plaintiff's subjective complaints were not entirely credible.

Finally, Plaintiff objects to Judge Nelson's finding that the only limitation caused by her headaches is a restriction to unskilled work arguing that other limitations are supported by the record. Judge Nelson's recommendation is based on the credibility determination made about Plaintiff's headache testimony, and Plaintiff's objection is based on a reexamination of that credibility determination. The Court agrees with Judge Nelson that substantial evidence supports the ALJ's determination that Plaintiff's subjective complaints were not entirely credible. For this reason, on remand the ALJ should elicit testimony from a vocational expert using the limitations set forth in the 2002 RFC with the addition, based on the ALJ's finding that Plaintiff was distracted by headache pain, that she is limited to unskilled work.

**C.    Defendant's Objections**

The R&R recommends that because headaches had not been considered in the RFC, the case should be remanded so that the hypothetical questions reflect that Plaintiff was distracted by headache pain and is limited to unskilled work. Defendant objects to the remand arguing that sufficient evidence exists in the record to support a finding that even with the additional

requirement that a vocational expert consider unskilled work, Plaintiff was not disabled because she could perform a significant number of jobs.  For this proposition, Defendant cites the testimony of vocational expert Ms. Wilson-Jones in response to a hypothetical question incorporating the limitations of the 2002 RFC.  The 2002 RFC, however, did not take into account that Plaintiff was distracted by headache pain, and this fact, in addition to the inclusion of a limitation to unskilled work, would be relevant to any hypothetical questions posed for an RFC.  For this reason, remand is appropriate and Defendant's objections are overruled.

### III.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 19] is **ADOPTED**;

2. Plaintiff's Objections [Docket No. 20] are **OVERRULED**;

3. Defendant's Objections [Docket No. 22] are **OVERRULED**;

4. Plaintiff's Motion for Summary Judgment [Docket No. 8] is **GRANTED** as to remand.

5. Defendant's Motion for Summary Judgment [Docket No. 15] is **DENIED**; and

6. This case is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this Order and Magistrate Judge Nelson's R&R.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 10, 2009.