UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nita Stoops,                                          Civil No. 08-221 (ADM/SRN)

      Plaintiff,

v.                                                    REPORT AND RECOMMENDATION

Michael J. Astrue,
Commissioner of Social Security,

      Defendant.

_____

    Fay Fishman, Esq., Peterson & Fishman, PLLP, 3009 Holmes Avenue South, Minneapolis, Minnesota 55408, on behalf of Plaintiff.

    Lonnie F. Bryan, Esq., Office of the United States Attorney, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Defendant.

_____

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned United States Magistrate Judge on Plaintiff's Petition for Attorney's Fees [Doc. No. 27] in the amount of $7,784.01, pursuant to the Equal Access to Justice Act (EAJA), the relevant text of which is codified at 28 U.S.C. § 2412(d). This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the Petition be granted.

I.    **FACTS AND PROCEDURAL HISTORY**

The procedural history of this case is lengthy and includes multiple remands and appeals of Ms. Stoops' various applications for social security benefits. For purposes of the present Petition, only the most recent appeal and remand order are at issue.

1

In March of 2005, United States District Court Judge James M. Rosenbaum adopted this Court's Report and Recommendation regarding Plaintiff's disability appeal and ordered the case be remanded back to the Commissioner because the ALJ improperly discounted Plaintiff's subjective complaints of headaches. Pursuant to the remand order, an administrative hearing was held before Administrative Law Judge (ALJ) Mary J. Kunz on April 11, 2006. The ALJ took testimony from a medical expert (ME) Dr. Andrew Steiner, and a vocational expert (VE). ALJ Kunz issued an unfavorable decision on July 21, 2006 and the Appeals Council declined review.

Seeking judicial review of the final decision of the Commissioner, Plaintiff filed the instant action on January 25, 2008. Plaintiff filed a motion for summary judgment on May 2, 2008 and Defendant filed its motion for summary judgment on June 26, 2008.

After considering the parties' arguments, on January 14, 2009, this Court issued a Report and Recommendation recommending the case once again be remanded to the Commissioner. Specifically, the Court determined that the ALJ had exceeded the scope of the last remand order by considering the limitations caused by all of Plaintiff's impairments, not only her headaches. The Court stated "The scope of the remand did not include reconsideration of Plaintiff's other impairments. Inexplicably, the ALJ nevertheless changed Plaintiff's RFC in significant respects, which had nothing to do with her headaches . . . By eliciting and relying on [Dr. Steiner's] testimony and recalculating Plaintiff's RFC accordingly, the ALJ exceeded the mandate of the District Court, and the case must be remanded." While the Court recommended remanding the case because the ALJ exceeded the previous remand order, the Court rejected Plaintiff's argument that the previous remand order required the ALJ to conclude that Plaintiff's subjective complaints related to her headaches were credible.

Both parties objected to the Court's Report and Recommendation. On February 10, 2009, United States District Court Judge Ann D. Montgomery adopted the Report and Recommendation and remanded the case again for further proceedings.

Pursuant to the Equal Access to Justice Act (EAJA), Plaintiff filed this petition for attorney's fees and expenses on March 6, 2009. The petition seeks compensation for 40.1 hours expended by Plaintiff's counsel in the prosecution of this case and two point eight (2.8) hours expended preparing the petition for fees, at a rate of $173.75 per hour. These fees total $7,453.88. Plaintiff also seeks compensation for an additional one point nine (1.9) hours spent preparing Plaintiff's reply brief on the fee petition for a cumulative total of $7,784.01.

## II. **DISCUSSION**

### A. Legal Framework of the EAJA.

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis

of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B). Attorney's fees requested under this section may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." Id. § 2412(d)(2)(A).

A plaintiff bears the initial burden to establish that she was a "prevailing party" under EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam); Moala v. Astrue, No. 06-1531, 2008 WL 508501, *2 (D. Minn. Feb. 21, 2008). Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008). "Substantially justified" means justified to a degree that could satisfy a reasonable person. Id. at 683. The Commissioner must show that his "position was substantially justified at both the administrative and litigation levels." Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988) (citing 28 U.S.C. § 2412(d)(2)(D)). A "substantially justified" position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Bah, 548 F.3d at 683-84 (citing Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)); Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991).

Because the substantial evidence and substantial justification standards are different, the Commissioner's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a

4

> reasonable basis in law and fact for the position taken by the Secretary.

Welter, 941 F.2d at 676. "Because the standards are neither semantic nor legal equivalents, the Secretary can lose on the merits of the disability question and win on the application for attorney's fees." Id. (citation omitted).

### B. The Government's Success on Some Arguments Does Mean Its Position in the Totality of the Circumstances Was Substantially Justified.

The Government does not challenge that Plaintiff was the prevailing party in this action. Rather, the Government contends that its position was substantially justified because this Court and Judge Montgomery rejected Plaintiff's argument that the previous remand order required the ALJ to find Plaintiff's complaints of headache pain credible. However, the Government does not make any arguments regarding how its position was substantially justified with respect to the issue of the ALJ exceeding the scope of the previous remand order. Essentially, the Government contends that because Plaintiff did not prevail on every argument she raised, the position of the United States was substantially justified.

In Hensley v. Eckerhart, 461 U.S. 424, 434-35, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), the Supreme Court addressed the propriety of reducing a plaintiff's fee award under the Civil Rights Attorney's Fees Awards Act. The Court held that a "fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." Id. at 435. The Supreme Court followed this same reasoning in a later case decided under the EAJA. Commissioner, INS v. Jean, 496 U.S. 154, 161, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). The Court concluded that in deciding whether to award fees, a court should consider the totality of

5

the parties arguments and positions in the litigation, and "absent unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action." Id. "While the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." Id. at 161-62.

Based on these cases, various courts have held that even where the government was successful in arguing against some of the plaintiff's arguments, the government's position may not be substantially justified if the government's position was unreasonable as to the issue which required a remand of the decision to deny benefits or if its position was not substantially justified in the totality of the circumstances. See e.g. Hackett v. Barnhart, 475 F.3d 1166, 1174 n. 1 (10th Cir. 2007); Woods v. Barnhart, No. 06-1619, 2008 WL 2782735, *3 (D. Colo. July 8, 2008); Wait v. Astrue, 495 F. Supp. 2d 1131, 1133 (D. Kan. 2007); Loomis v. United States, 74 Fed. Cl. 350 (Ct. Fed. Cl. 2006).

While it is true that the Plaintiff did not succeed on each of her arguments, this fact alone does not mean the Government's position was substantially justified. Rather, this Court must consider if the Government's position was justified on the issue for which the case was remanded and in the totality of the circumstances.

**C. The Government's Position on the Issue Subject to Remand Was Not Substantially Justified.**

The Government has not made any arguments as to how its position was substantially justified with respect to the issue that required remanding this case. In fact, the Government did not make any arguments suggesting the ALJ was entitled to ignore or exceed the court's previous remand order. (See Def.'s Memo. in Supp. of Mot. for Summ. J. at 28). Instead, the

Government's only argument on this issue was that an ALJ is entitled to rely on medical expert testimony in forming an opinion. (Id.). But the Government's citations to cases for that proposition does not address the issue in this case, whether the ALJ had the authority to reconsider Plaintiff's RFC related to impairments other than her headaches. There was no reasonable basis at law for the ALJ's decision to revaluate Plaintiff's RFC beyond what was directed in the remand order. Therefore, the Government's position on this issue was not substantially justified and Plaintiff should be awarded fees under the EAJA.

### D. Plaintiff's Requested Fees Are Not Excessive

The Court also rejects the Government's argument that the requested EAJA fee award is excessive. Plaintiff's counsel spent fifty (50) hours representing Plaintiff in federal court. Plaintiff's briefs in this matter totaled forty-four (44) pages and covered a number of interrelated issues. Under the circumstances of this case, the court cannot say that Plaintiff's fee request is excessive or unreasonable. The Court further finds that the $173.75 per hour rate is reasonable in light of the increase in the cost of living since the enactment of the $125.00 statutory rate guideline set in 1996. In conclusion, this Court recommends that Plaintiff's attorney be awarded $7,784.01 in fees under the EAJA.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Petition for Attorney's Fees [Doc. No. 27] be **GRANTED**, and that Plaintiff's counsel be awarded $7,784.01 in for fees under EAJA.

Dated: July 10, 2009

                                              s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **July 27, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.